The People of the State of New York, Respondent, *v.* Robert Lee Jordan, Appellant.

Third Department, November 17, 1964.

*Michael E. Catalinotto* for appellant.

*John T. Garry, II, District Attorney* (*J. Raymond Fisher* of counsel), for respondent.

Taylor, J. The defendant appeals from a judgment of the County Court of Albany County, entered after a jury trial, convicting him of possessing narcotics in violation of subdivision 3 of section 1751 of the Penal Law and article 33 of the Public Health Law.

We agree with appellant's contention that the search warrant was constitutionally deficient for its failure to describe with particularity the place to be searched. (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.; *People* v. *Rainey,* 14 N Y 2d 35.)

We conclude, however, that the search and seizure were justifiable as incident to a lawful arrest for a crime committed in the presence of the arresting officers, since they had probable cause grounded on information which had been furnished to them by informers — independently tested and verified by facts

disclosed by their own prior investigations—to believe, before their entry without force of the garage where the arrest and search took place, that defendant feloniously possessed narcotics therein. (Code Crim. Pro., § 177; Penal Law, § 1751, subd. 3; *People* v. *Coffey*, 12 N Y 2d 443; *People* v. *Santiago*, 13 N Y 2d 326; *Ker* v. *California*, 374 U. S. 23.)

The evidence thus obtained was properly admitted at the trial, and, together with proof of its physical possession by the defendant, established his guilt beyond a reasonable doubt.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, AULISI and HAMM, JJ., concur.

Judgment affirmed.